Larry Slade, Esq., SBN 212276
SLADE LAW
14146 Killion Street, Suite 100
Sherman Oaks, CA 91401
Telephone: (818) 997-8585
Facsimile: (818) 475-5323
larry@sladelaw.com

Attorneys for Plaintiff,
NIKE USA, INC.

# UNITED STATES DISTRICT COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

# EASTERN DIVISION

| | |
|---|---|
| NIKE USA, INC.,<br><br>               Plaintiff,<br><br>   v.<br><br>CARDINAL PROMOTIONS, INC.,<br><br>               Defendants. | Civ. No.<br><br>**COMPLAINT** |

## COMPLAINT OF NIKE USA, INC.

Plaintiff Nike USA, Inc. ("Nike") sues Defendant Cardinal Promotions, Inc. (the "Defendant") for, as set forth below, account stated, breach of contract, and, in the alternative, unjust enrichment. In support of this Complaint, Nike states as follows:

## I. BACKGROUND FACTS

1. Plaintiff, Nike USA, Inc. is an Oregon corporation whose principal business activity is the design, development, and marketing and selling of athletic footwear, apparel, equipment, accessories, and services. Nike USA, Inc. is organized in, domiciled in, and a citizen of Beaverton, Oregon.

2. Defendant Cardinal Promotions, Inc. claims on its website that it supplies the auto and golf industry and corporate America with custom logo merchandise.

3. Defendant's corporate headquarters is located at 75-161 Sego Lane, Suite E6, Palm Desert, California 92211.

4. Defendant is an Indiana corporation.

5. Defendant is organized in, domiciled in, and a citizen of Mishawaka, Indiana.

6. According to the Indiana Secretary of State, Defendant's principal office is located at 3102 Home Street, Mishawaka, Indiana 46545.

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because Nike is a citizen of a different state than the Defendant, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

**A. The Account Agreements**

8. From 2005 through 2023, Nike sold sporting goods, shoes, and apparel to Defendant.

9. Nike and the Defendant are parties to the Nike Account Application and Agreement dated February 12, 2005 (the "2005 Account Agreement"). A copy of the 2005 Account Agreement is attached hereto as **Exhibit 1** and is incorporated herein by reference.

10. Nike and the Defendant are parties to the Nike Account Application and Agreement dated January 12, 2007 (the "2007 Account Agreement"). A copy of the 2007 Account Agreement is attached hereto as **Exhibit 2** and is incorporated herein by reference.

11. Nike and the Defendant are parties to the Nike USA Account Agreement dated February 3, 2014 (the "2014 Account Agreement"). A copy of the 2014 Account Agreement is attached hereto as **Exhibit 3** and is incorporated herein by reference.

12. Nike and the Defendant are parties to the Nike USA, Inc. Account Agreement dated March 1, 2020 (the "2020 Account Agreement," with the 2005, 2007, and 2014 Account Agreements, the "Account Agreements"). A copy of the 2020 Account Agreement is attached hereto as **Exhibit 4** and is incorporated herein by reference.

13. In the intervening years between 2005 and 2023, Nike and the Defendant may have entered into additional account agreements with substantially similar terms.

14. The Account Agreements are supported by consideration. In exchange for the execution of the Account Agreements, *inter alia,* Nike agreed to permit the

Defendant to sell products in authorized retail locations in accordance with the terms and conditions of the Account Agreements.

15. The Account Agreements require the Defendant to pay for all goods sold when due, pursuant to invoice terms.

16. The Account Agreements require the Defendant to dispute an invoice within thirty days after the date the invoice is due. If the Defendant does not dispute invoices within thirty days after the date the invoice is due, then, pursuant to the Account Agreements, the invoice will be deemed accepted and conclusively binding upon the Defendant.

17. The Account Agreements provide that Nike may, in its sole discretion, accept or reject all or any part of an order or substitute comparable product for the items that were ordered.

18. The Account Agreements provide that Nike may at any time refuse to ship product for any reason, even if Nike has received payment for the applicable order and/or has confirmed that order on the Nike retail partner sales portal Nike.net or otherwise.

19. The Account Agreements allow Nike to, in its sole discretion, determine which of Nike's products are made available to a customer for orders.

20. The Account Agreements allow Nike to determine how to allocate product among Nike's customers.

21. The Account Agreements provide that Nike is not required to accept orders.

22. The Account Agreements provide that the Defendant will pay such costs, collection agency fees, expenses, reasonable attorney fees (whether incurred prior to, at trial, or on appeal) incurred by Nike in connection with the collection of any past due sums.

23. The Account Agreements do not permit the Defendant to return merchandise to Nike without prior written authorization from Nike.

24. The Account Agreements provide that Nike will not authorize a return unless: (a) the returned product is defective; or (b) the returned product is not comparable to the items that were ordered; and (c) the request for return is received by Nike no more than 30 days after delivery of product that is the subject of the requested return.

25. The Account Agreements are governed by Oregon law.

**B. Cardinal's Termination of the Account Agreements**

26. Following a series of unreasonable demands made by the Defendant to Nike, which were contrary to the terms of the Account Agreements, on January 5, 2023, Cardinal terminated the Account Agreements with Nike.

27. The Account Agreements provide that upon termination of Nike and the Defendant's relationship, the terms, conditions, and representations in the Account

Agreements remain in full force and effect with respect to all orders accepted by Nike prior to the date of termination.

## II.     COUNT I – ACCOUNT STATED

### Nike v. Cardinal Promotions, Inc.

28. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

29. As of the date of the filing of this Complaint, the Defendant is indebted to Nike in an amount no less than $1,864,089.04, exclusive of interest, fees, and costs. A copy of the Account Statement showing the amount the Defendant owes to Nike is attached hereto as **Exhibit 5.**

30. Nike issued the invoices listed in the Account Statement to the Defendant for goods and services Nike provided to the Defendant, and such invoices were due and payable to Nike more than thirty days prior to the filing of this Complaint.

31. The Defendant has failed to pay Nike for the invoices listed in the Account Statement as of the filing of this Complaint.

32. The Defendant did not dispute the invoices in the Account Statement within thirty days after the date the invoice was due.

33. Pursuant to the Account Agreements, each invoice listed in the Account Statement is deemed accepted and conclusively binding upon the Defendant.

34. The Account Statement and the commercial history of Nike and the Defendant from 2005 to 2023 reflect previous transactions between Nike and the Defendant establishing the relationship of debtor and creditor.

WHEREFORE, Nike requests that judgment be entered in favor of Nike and against the Defendant in an amount no less than $1,864,089.04 plus interest, costs, collection agency fees, expenses, and reasonable attorney fees (whether incurred prior to, at trial, or on appeal) incurred by Nike in connection with Nike's collection efforts.

### III. COUNT II – BREACH OF CONTRACT

Nike v. Cardinal Promotions, Inc.

35. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

36. The Defendant and Nike are parties to the Account Agreements, which require the Defendant to pay Nike for goods and services provided to the Defendant.

37. Nike provided goods and services to the Defendant, which was Nike's substantial performance pursuant to the Account Agreements.

38. Nike has invoiced the Defendant for the amounts set forth in Count I of this Complaint.

39. Nonetheless, the Defendant has failed to pay Nike for the goods and services Nike has provided to the Defendant.

40. The Defendant's failure to pay Nike is a breach of the Account Agreements.

41. The Defendant's breach of the Account Agreements has caused Nike to suffer damages in an amount no less than $1,864,089.04 plus all of Nike's costs, collection agency fees, expenses, and reasonable attorney fees (whether incurred prior to, at trial, or on appeal).

WHEREFORE, Nike requests that judgment be entered in favor of Nike and against the Defendant in an amount no less than $1,864,089.04 plus interest, costs, collection agency fees, expenses, and reasonable attorney fees (whether incurred prior to, at trial, or on appeal) incurred by Nike in connection with Nike's collection efforts.

### IN THE ALTERNATIVE

### IV.   COUNT III - UNJUST ENRICHMENT

Nike v. Cardinal Promotions, Inc.

42. Nike incorporates herein by reference each of the foregoing paragraphs above as if fully restated herein.

43. At the request of the Defendant, Nike conferred a benefit upon the Defendant by providing the goods and services described herein and in the exhibits attached hereto.

44. The Defendant received and accepted the benefit of said goods and services provided by Nike.

45. At all times material hereto, the Defendant was aware that Nike was providing the aforesaid goods and services to the Defendant and that Nike expected to be paid for such.

46. At all times material hereto, the Defendant, with the aforesaid knowledge, permitted Nike to provide said goods and services and to incur damages.

47. At all times material hereto, the Defendant was unjustly enriched by retaining the benefit of receiving said goods and services without paying Nike fair and reasonable compensation.

48. Allowing the Defendant to retain the benefit of said goods and services without paying fair compensation would be unjust.

49. By reason of the aforesaid unjust enrichment of the Defendant at Nike's expense, an implied contract exists between Nike and the Defendant, and the Defendant is obligated to pay Nike the *quantum meruit* value of the goods and services described herein and in the exhibits attached hereto.

WHEREFORE, Nike requests that judgment be entered against the Defendant in an amount no less than $1,864,089.04, in addition to all losses incurred or paid by Nike in connection with the Complaint, and all interest, costs, collection agency fees, expenses, attorney fees, and fees of corporate counsel incurred in connection with Nike's collection efforts (including, without limitation, at trial and on appeal).

Dated: February 14, 2023     SLADE LAW

By: _____
Larry Slade, Esq.

-and-

A.M. SACCULLO LEGAL, LLC
Anthony M. Saccullo
Mary E. Augustine
A.M. Saccullo Legal, LLC
27 Crimson King Drive
Bear, DE 19701
Phone: (302) 836-8877
Fax: (302) 836-8787
ams@saccullolegal.com
meg@saccullolegal.com

*Attorneys for Nike USA, Inc.*